## MOX v JORDAN

Docket No. 114552. Submitted December 19, 1989, at Detroit. Decided April 6, 1990.

George and Marjorie Mox filed a complaint for declaratory relief in the Wayne Circuit Court, asking the court to declare a certain mortgage void for lack of consideration and requesting discharge of the mortgage and its subsequent assignment. The defendant assignees, Jerry A. and Lenore L. Jordan, counterclaimed, requesting that the court enter an order that the note and mortgage involved were valid and enforceable and directing the plaintiffs to make payments or, in the alternative, authorizing the defendants to foreclose. The plaintiffs contended that defendants could not be holders in due course because the defendants had knowledge at the time of the assignment that two senior mortgages on the plaintiffs' home had not been discharged. The trial court, Michael J. Connor, J., granted the defendants' motion for summary disposition, holding that the defendants were holders in due course of the promissory note executed by the plaintiffs to secure the mortgage. The Court of Appeals rejected as untimely the plaintiffs' application for leave to appeal and also rejected the plaintiffs' subsequent application for delayed appeal. The plaintiffs then sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 431 Mich 910 (1988).

The Court of Appeals held:

A holder of a negotiable instrument is under no duty to make an inquiry regarding the validity of the underlying transaction if the negotiable instrument is valid on its face. In this case, the trial court properly determined that it is of no consequence that other encumbrances on the collateral securing the instrument existed.

Affirmed.

REFERENCES

Am Jur 2d, Bills and Notes §§ 1, 34, 48, 201, 371, 431.

See the Index to Annotations under Assignments; Bills and Notes; Mortgages.

1. Bills, Notes and Checks — Negotiable Instruments — Holder in Due Course.

    A holder in due course of a negotiable instrument is a holder who takes the instrument for value and in good faith and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person; it is of no consequence that other encumbrances on the collateral securing the instrument may exist (MCL 440.3302[1]; MSA 19.3302[1]).

2. Mortgages — Negotiable Instruments — Uniform Commercial Code.

    A mortgage instrument is not a negotiable instrument under Article 3 of the Uniform Commercial Code since it does not contain an unconditional promise or order to pay a sum certain; a mortgage merely secures payment of the negotiable instrument (MCL 440.3104[1][b]; MSA 19.3104[1][b]).

3. Bills, Notes and Checks — Negotiable Instruments — Validity of Underlying Transactions.

    A holder of a negotiable instrument is under no duty to make an inquiry regarding the validity of the underlying transaction if the instrument is valid on its face.

*Fred S. Findling,* for the plaintiffs.

*Vestevich, Dritsas, McManus, Evans, Payne & Vlcko, P.C.* (by *James B. Dritsas, William J. Lamping,* and *Michael H. McCormick*), for the defendants.

Before: Doctoroff, P.J., and Shepherd and McDonald, JJ.

Per Curiam. This case, another in the series of lawsuits which have resulted from the Diamond Mortgage Corporation/A.J. Obie & Associates fraud, is before us on remand from the Supreme Court for consideration as on leave granted. 431 Mich 910 (1988). Plaintiffs filed a claim of appeal from the November 16, 1987, Wayne Circuit Court order which denied plaintiffs' and granted defendants' motions for summary disposition. The trial

court held that defendants were holders in due course of a promissory note which was executed by plaintiffs to Diamond and which was then assigned by Diamond to defendants in exchange for their cash investment. Plaintiffs' appeal was untimely and, therefore, rejected by this Court for lack of jurisdiction. Plaintiffs' subsequent application for delayed appeal was also denied. We now affirm.

On December 27, 1985, defendants opened an account with Obie by depositing $30,000 to be used to purchase a first mortgage note. On January 28, 1986, plaintiffs executed a promissory note to Diamond for $31,000 in exchange for a loan of that amount. The note was secured by a mortgage on their home on Carter in Allen Park. The property was encumbered by two senior mortgages totaling $12,700. Diamond recorded the mortgage. On February 3, 1986, Diamond assigned the note and mortgage to defendants, who then paid an additional $1,000 to fully match plaintiffs' mortgage. Defendants recorded the assignment. Plaintiffs made four payments to defendants. Diamond was supposed to pay plaintiffs' two senior mortgages and give plaintiffs the balance of the proceeds in exchange for plaintiffs' mortgage. Diamond did not pay off the senior mortgages and did not give plaintiffs their money and eventually went bankrupt.

On March 17, 1987, plaintiffs filed a complaint for declaratory relief, asking the court to declare the mortgage void for lack of consideration and requesting discharge of the mortgage and the assignment. Defendants counterclaimed, requesting that the court enter an order that the note and mortgage were valid and enforceable and directing plaintiffs to make payments or, in the alternative, authorizing defendants to foreclose.

Plaintiffs raise numerous issues which are pre-

sented for the first time on appeal and are, therefore, not preserved. *Providence Hospital v National Labor Union Health & Welfare Fund,* 162 Mich App 191, 194-195; 412 NW2d 690 (1987).

The sole issue which was raised in and decided by the trial court was whether defendants are holders in due course. Plaintiffs claim that the trial court erred in determining that defendants were holders in due course because defendants had knowledge at the time of the assignment that the senior mortgages on plaintiffs' home had not been discharged. The basis of plaintiffs' claim is a letter, allegedly dated February 24, 1986, which accompanied defendants' additional payment of $1,000 to Obie. In the letter, defendant Lenore L. Jordan stated that she and her husband "are still awaiting proof that the Mox' original home mortgage was completely paid off."

MCL 440.3302(1); MSA 19.3302(1) establishes the requirements for a holder of a negotiable instrument to be a holder in due course. *Thomas v State Mortgage, Inc,* 176 Mich App 157, 161; 439 NW2d 299 (1989), lv den 433 Mich 913 (1989). That provision states:

> A holder in due course is a holder who takes the instrument
> (a) for value; and
> (b) in good faith; and
> (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

We agree with the trial court that it is of no consequence that other encumbrances on the collateral securing the instrument may exist. The language of MCL 440.3302(1); MSA 19.3302(1) stating the requirements for a holder of a negotiable

instrument to be a holder in due course refers only to claims or defenses concerning the *instrument.* MCL 440.3102(1)(e); MSA 19.3102(1)(e) defines instrument as "a negotiable instrument." A mortgage instrument is not a negotiable instrument since it does not "contain an unconditional promise or order to pay a sum certain . . . ." MCL 440.3104(1)(b); MSA 19.3104(1)(b). A mortgage merely secures payment of the negotiable instrument. In effect, the mortgagor merely grants a security interest in the real estate to the mortgagee. See *Barbour v Handlos Real Estate & Building Corp,* 152 Mich App 174, 189-190; 393 NW2d 581 (1986), lv den 428 Mich 865 (1987).

Plaintiffs claim that a recent federal decision, *Stone v Mehlberg,* 728 F Supp 1341 (WD Mich, 1990), supports their position. Even if this issue were properly before us, which it is not, we disagree. In *Stone,* a case factually similar to this case, the federal court held that the plaintiffs, mortgagors to Diamond, were entitled to rescind the transactions pursuant to the federal Truth in Lending Act, 15 USC 1601 *et seq.,* and that the act preempted the holder in due course doctrine which the defendants are claiming. However, *Stone* is distinguishable. In *Stone,* the required truth in lending disclosures and notice of right to rescind were not properly made and, therefore, the plaintiffs had a continuing right to rescind. In this case, in contrast, the record reveals that the required truth in lending disclosures and notice of right to rescind were properly made.

In dicta, the district court added that, under Michigan law, the defendants were not holders in due course because they had a duty to inquire about possible defenses the plaintiffs might have had and the defendants did not make that inquiry.

Again, the factual situation is different in that, in *Stone,* the defendants had accepted a reassignment form which falsely stated that they had received mortgage proceeds from Diamond for an earlier defaulted mortgage. More importantly, even if the federal court's interpretation of Michigan's holder in due course doctrine were not dicta, we are not bound by it. Our courts have held that a holder of a negotiable instrument is under no duty to make an inquiry as to the validity of the underlying transaction if the negotiable instrument is valid on its face. *Barbour, supra.*

Affirmed.