**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0709n.06

No. 11-1806

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 03, 2012*
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| MARY K. HARGROW;<br>M. L. HARGROW, Jr., | )<br>)<br>) | |
| **Plaintiffs-Appellants,** | )<br>) | ON APPEAL FROM THE<br>UNITED STATES DISTRICT |
| v. | )<br>) | COURT FOR THE EASTERN<br>DISTRICT OF MICHIGAN |
| WELLS FARGO BANK N.A.;<br>FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION, | )<br>)<br>) | **O P I N I O N** |
| **Defendants-Appellees.** | )<br>)<br>) | |

**Before: MOORE, WHITE, and LUCERO,**[*] **Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Plaintiffs Mary and M.L. Hargrow challenge

the foreclosure of their home under Michigan law. After the defendants removed the case to the U.S.

district court on the basis of diversity of citizenship, the district court dismissed the Hargrows'

complaint against all defendants for failing to state a claim upon which relief could be granted. For

the following reasons, we **AFFIRM**.

**I. BACKGROUND**

In January 2006, the Hargrows acquired property located on Glendale Drive in Ypsilanti,

Michigan ("the Property"). In August 2006, the Hargrows borrowed $164,000 from MHA Financial

---

[*]The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth
Circuit, sitting by designation.

No. 11-1806
*Hargrow et al. v. Wells Fargo Bank NA et al.*

Service secured by a mortgage on the Property. They executed a loan document listing MHA

Financial Service as the "Lender" and providing the terms of the loan and its repayment ("the Note").

*See* R. 1 (Notice of Removal) (Note) (Page ID #26). As security for the Note, they signed a separate

mortgage security instrument ("the Mortgage") for the Property. *Id.* (Mortgage) (Page ID #29). The

Mortgage identified MHA Financial Service as the "Lender" but also stated that "[Mortgage

Electronic Registration Service ("MERS")] is a separate corporation that is acting solely as a

nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this**

**Security Instrument**." *Id.* (emphasis in original). The Mortgage further provided in the section

called "Transfer of Rights in the Property" that:

> This Security Instrument secures to Lender: (i) the repayment of the Loan
> . . . ; and (ii) the performance of Borrower's covenants and agreements under this
> Security Instrument and the Note. For this purpose, Borrower does hereby mortgage,
> warrant, grant and convey to MERS (solely as nominee for Lender and Lender's
> successors and assigns) and to the successors and assigns of MERS, with power of
> sale, the [Property]. . . .
>
> Borrower understands and agrees that MERS holds only legal title to the interests
> granted by Borrower in this Security Instrument, but . . . MERS (as nominee for
> Lender and Lender's successors and assigns) has the right: to exercise any or all of
> those interests, including, but not limited to, the right to foreclose and sell the
> Property; and to take any action required of Lender including, but not limited to,
> releasing and canceling this Security Instrument.

*Id.* (Page ID #30-31). Paragraph 20 states that "[t]he Note or a partial interest in the Note (together

with this Security Instrument) can be sold one or more times without prior notice to Borrower." *Id.*

(Page ID #38).

2

On August 17, 2009, MERS assigned the Mortgage to Wells Fargo Bank, NA ("Wells Fargo"); the assignment was recorded in Washtenaw County on September 4, 2009. *Id.* (Mortg. Assignm.) (Page ID #47). On October 1, 2006, MHA Financial Service assigned the right to service[1] the Note to Ohio Savings Bank. *Id.* (Serv. Assignm.) (Page ID #45). In September 2009, Wells Fargo initiated statutory foreclosure proceedings against the Hargrows by advertising a notice of intent to foreclose. *Id.* (Aff. of Notice) (Page ID #54-55). A sheriff's sale was held in August 2010 in which Wells Fargo was the highest bidder and received the deed to the property. *Id.* (Deed) (Page ID #47). Wells Fargo thereafter conveyed the Property by quit claim deed to Federal National Mortgage Association. *Id.* (Compl. ¶ 14) (Page ID #18).

## II. JURISDICTION

The district court had subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiffs are citizens of Michigan. Defendant Wells Fargo is a citizen of South Dakota for diversity purposes. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (holding national banks are citizens of states where designated main office is located for purposes of citizenship under 28 U.S.C. § 1348). Defendant Federal National Mortgage Association ("Fannie Mae") is a citizen of the District of Columbia. 12 U.S.C. § 1717(a)(2)(B). The relief requested by the plaintiffs is to void the sale of

---

[1] The Hargrows aver that at some point in 2006 MHA Financial Service also assigned the Note to Ohio Savings Bank, *see* Reply Br. at 2, and that eventually the Note ended up in a securitization trust with HSBC Bank USA, National Association, as trustee, *id.* These facts were not alleged in the complaint, and they are neither appropriately presented nor relevant to this appeal.

the Property, which is valued at more than $75,000. Moreover, we have appellate jurisdiction to review the dismissal of plaintiffs' complaint under 28 U.S.C. § 1291.

### III. CLAIM UNDER MICHIGAN LAW

"Whether a party has authority to initiate foreclosure proceedings under a statute involves interpretation and application of a statute, which are questions of law that we review de novo." *Fawaz v. Aurora Loan Servs. LLC*, No. 302840, 2012 WL 1521589, at *1 (Mich. Ct. App. May 1, 2012) (unpublished opinion); *Davenport v. HSBC Bank USA*, 739 N.W.2d 383, 384 (Mich. Ct. App. 2007). The Hargrows' sole argument is that the foreclosure by advertisement initiated by Wells Fargo was void because Wells Fargo failed to comply with Michigan Compiled Laws §§ 600.3204(1)(d) and (3). Section 600.3204 permits a party to foreclose a mortgage by advertisement:

if all of the following circumstances exist:

(a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.

(b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.

(c) The mortgage containing the power of sale has been properly recorded.

(d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

Mich. Comp. Laws § 600.3204(1). Subsection (3) provides that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." *Id.* § 600.3204(3). Under Michigan law, a party's failure to satisfy the statutory notice requirements when foreclosing by advertisement renders the resulting sale voidable. *Davenport*, 739 N.W.2d at 384 (holding foreclosure void because foreclosing party did not perfect title to mortgage until after notice sent).

The Hargrows first argue that Wells Fargo cannot foreclose by advertisement because a mortgagee who does not also own the underlying debt is not an "owner of the indebtedness or of an interest in the indebtedness" or the mortgage servicing agent, as required under § 600.3204(1)(d). This argument is now foreclosed by an intervening Michigan Supreme Court case, filed a week after the Hargrows submitted their opening brief on appeal. The Michigan Supreme Court held that MERS, "as record-holder of the mortgage," owned an "interest in the indebtedness . . . [that] authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d)" despite not owning the underlying debt. *Residential Funding Co. v. Saurman*, 805 N.W.2d 183, 183 (Mich. 2011).[2] A

---

[2]On Reply, the Hargrows focus on language in *Saurman* stating that MERS's interest in the indebtedness was the "ownership of a mortgage 'whose existence is wholly contingent on the satisfaction of the indebtedness.'" Reply Br. at 16 (emphasis omitted) (quoting *Saurman*, 805 N.W.2d at 183). The Hargrows argue that Wells Fargo could not own an interest in the indebtedness even if MERS could, because Wells Fargo cannot establish "satisfaction of the indebtedness" without being able to identify the owner of the Note. *Id.* We read the quoted language as explaining why the holder of a mortgage has an "interest in the indebtedness," not as creating a limiting principle barring the subsequent transfer of the mortgage without a corresponding transfer of the underlying debt. There is nothing in *Saurman* to suggest that the interest in the indebtedness held

recent unpublished opinion by the Michigan Court of Appeals, citing *Saurman*, confirmed that "an entity has standing to foreclose upon properties for which it is the record-holder of the mortgage, even if it does not own the underlying debt." *Everbank v. Zeer*, No. 302239, 2012 WL 1890184, at *4 (Mich. Ct. App. May 24, 2012) (unpublished opinion). Here, MERS indisputably had the power to foreclose by advertisement as the record-holder of the Hargrows' Mortgage. If that interest was validly assigned to Wells Fargo, Wells Fargo as the record-holder of the Mortgage would also have the right to foreclose by advertisement under § 600.3204(1)(d) and *Saurman*.

The Hargrows maintain that the assignment of the Mortgage from MERS to Wells Fargo was invalid because a mortgage cannot be assigned without a corresponding assignment of the interest in the underlying debt. We disagree, and so does the Michigan Court of Appeals. In *Bakri v. Mortgage Electronic Registration System*, No. 297962, 2011 WL 3476818 (Mich. Ct. App. Aug. 9, 2011) (unpublished opinion), the court held that "[b]ecause plaintiff granted . . . MERS the power to assign the mortgage, the assignment of the mortgage to [the foreclosing bank] was valid. Furthermore, because the mortgage specifically granted . . . MERS the power to foreclose on and sell the property as nominee for the lender, [the foreclosing bank], as assignee of the mortgage, also had the power to foreclose on and sell the property." *Id.* at *4. *Bakri* went on to conclude that even though the assignee bank held a valid interest in the property as holder of the security for the note, the assignee could not foreclose by advertisement because such an interest was not an "interest in the indebtedness." *Id.* This latter proposition was rejected by *Saurman*, but the initial premise that

by the record-holder of a mortgage would disappear when assigned.

the proper assignee of a mortgage retains the same rights as the original mortgagee remains valid.

*See also Fawaz*, 2012 WL 1521589, at \*2 ("[W]hen MERS assigned its interests in the mortgage to defendant, defendant stood in MERS['s] shoes and had the same authority to foreclose under MCL 600.3204(1)(d).").

Here, MERS was unambiguously the original mortgagee of the Hargrows' Mortgage. The Hargrows granted MERS the power to assign the Mortgage,[3] and MERS used that power to assign the Mortgage to Wells Fargo. The assignment was recorded in the Washtenaw County Clerk's Office, creating a clear record chain of title for the Mortgage. The Mortgage also gave MERS as mortgagee the power to initiate foreclosure proceedings, and once assigned, Wells Fargo as record-holder of the Mortgage also had the power to foreclose under the Mortgage. And since the chain of title of the mortgage was properly recorded, Wells Fargo as the owner of an interest in the indebtedness had the power to foreclose by advertisement under § 600.3204.

The Hargrows' final argument is that the required record chain of title under § 600.3204(3) must include a record of who owns the underlying Note. The statute, however, clearly requires only a record chain of title for the mortgage, not the underlying debt. Mich. Comp. Laws § 600.3204(3) ("If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain

---

[3]The Hargrows do not argue that the Mortgage lacked a contractual right for MERS to transfer or assign the Mortgage; however, the power to assign is admittedly less than explicit. In light of the language in the Mortgage that does give MERS the right to exercise the interests created by the Mortgage "including, but not limited to" certain delineated rights and the general right to sell the Note or a partial interest in the Note "together with this Security Instrument," *see* R. 1 (Note) (Page ID #31, 38), we deem the Mortgage as creating a right of assignment in the mortgagee.

of title shall exist prior to the date of sale under section 3216 evidencing *the assignment of the mortgage* to the party foreclosing the mortgage." (emphasis added)).  Under Michigan law, it is lawful for the holder of the mortgage to be different from the holder of the debt.  *Saurman*, 805 N.W.2d at 184 ("It has never been necessary that the mortgage should be given directly to the beneficiaries. . . . [T]he trust and the beneficial interest need not be in the same hands." (internal quotation marks omitted)).  As the Michigan Supreme Court put it, "the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security."  *Id.* (internal quotation marks omitted).  The Hargrows have presented no case or compelling reason to justify reading the statute more broadly than its plain terms.

## IV.  CONCLUSION

For the aforementioned reasons, we **AFFIRM** the district court's dismissal of plaintiffs' claims against the defendants under Michigan law.