# STATE OF MICHIGAN

# COURT OF APPEALS

MANOUSHAG AL-RAEIS,

Plaintiff-Appellant,

v

AURORA BANK, FSB,

Defendant-Appellee.

UNPUBLISHED
December 9, 2014

No. 316269
Oakland Circuit Court
LC No. 2012-128998-CH

Before: JANSEN, P.J., and TALBOT and SERVITTO, JJ.

PER CURIAM.

This appeal arises from a foreclosure by advertisement by Aurora Bank, F.S.B. (hereinafter "Aurora Bank") on real property owned by Manoushag Al-Raeis, after which Aurora Bank bought the property at a sheriff's sale. The circuit court granted Aurora Bank summary disposition pursuant to MCR 2.116(C)(8) because Al-Raeis failed to allege a fraud or irregularity that prejudiced her, and she failed to seek a judicial determination regarding her claims before the redemption period expired. Al-Raeis appeals as of right. We affirm.

We review de novo a summary disposition ruling.[1]

A court may grant summary disposition under MCR 2.116(C)(8) if "[t]he opposing party has failed to state a claim on which relief can be granted." A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings. When deciding a motion under (C)(8), this Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party. A party may not support a motion under subrule (C)(8) with documentary evidence such as affidavits, depositions, or admissions. Summary disposition on the basis of subrule (C)(8)

---

[1] *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304; 788 NW2d 679 (2010).

should be granted only when the claim "is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery."[2]

"Whether a party has legal standing to assert a claim constitutes a question of law that we review de novo."[3]

Al-Raeis contends that she had standing to bring this action to challenge the sheriff's sale. We disagree.

Al-Raeis filed this action on August 28, 2012, just before the sheriff's sale took place on September 4, 2012, and before the statutory period of redemption expired. The redemption period, however, expired thereafter on March 4, 2013, without redemption by Al-Raeis. Nonetheless, Al-Raeis claims that the five-year limitation period of MCL 600.5801(1) applies. MCL 600.5801(1) provides:

> When the defendant claims title to the land in question by or through some deed made upon the sale of the premises by an executor, administrator, guardian, or testamentary trustee; or by a sheriff or other proper ministerial officer under the order, judgment, process, or decree of a court or legal tribunal of competent jurisdiction within this state, or by a sheriff upon a mortgage foreclosure sale the period of limitation is 5 years.

Al-Raeis also cites *Mfr Hanover Mtg Corp v Snell*,[4] in support of the proposition that a homeowner may challenge a foreclosure sale after the redemption period has expired. In *Snell*, this Court stated:

> The Supreme Court has long held that *the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale* in the summary [eviction] proceeding. Otherwise, the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale.[5]

---

[2] *Id*. at 304-305 (citations omitted; alteration in original). Although Aurora Bank moved for summary disposition pursuant to MCR 2.116(C)(8), it attached documentary evidence to its brief in support of the motion. Nonetheless, the trial court's ruling indicates that it did not consider those documents, but relied solely on the pleadings. Thus, we review the motion pursuant to MCR 2.116(C)(8).

[3] *Heltzel v Heltzel*, 248 Mich App 1, 28; 638 NW2d 123 (2001).

[4] 142 Mich App 548; 370 NW2d 401 (1985).

[5] *Id*. at 553 (citations omitted; emphasis added).

This case, however, did not involve summary eviction proceedings and we conclude that this Court's decision in *Bryan v JPMorgan Chase Bank*[6] is applicable. In *Bryan*, this Court held that a homeowner plaintiff lacked standing to contest the validity of foreclosure by advertisement proceeding because the redemption period had expired.[7] This Court stated:

> Defendant argues that plaintiff lacked standing to bring this action because the statutory period of redemption had expired and plaintiff made no effort to redeem the property. We agree.
>
> Pursuant to MCL 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which here was six months. "Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . ." MCL 600.3236. If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished. *Piotrowski v State Land Office Bd,* 302 Mich 179, 187; 4 NW2d 514 (1942).
>
> We have reached this conclusion in a number of unpublished cases and, while unpublished cases are not precedentially binding, MCR 7.215(C)(1), we find the analysis and reasoning in each of the following cases to be compelling. Accordingly, we adopt their reasoning as our own. See *Overton v Mtg Electronic Registration Sys,* unpublished opinion per curiam of the Court of Appeals, issued May 28, 2009 (Docket No. 284950), p 2 ("The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity. Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished.") (citation and quotation marks omitted); *Hardwick v HSBC Bank USA,* unpublished opinion per curiam of the Court of Appeals, issued July 23, 2013 (Docket No. 310191), p 2 ("Plaintiffs lost all interest in the subject property when the redemption period expired . . . . Moreover, it does not matter that plaintiffs actually filed this action one week before the redemption period ended. The filing of this action was insufficient to toll the redemption period. . . . Once the redemption period expired, all plaintiffs' rights in the subject property were extinguished."); *BAC Home Loans Servicing, LP v Lundin,* unpublished opinion per curiam of the Court of Appeals, issued May 23, 2013 (Docket No. 309048), p 4 ("[O]nce the redemption period expired, [plaintiff's] rights in and to the

---

[6] 304 Mich App 708; 848 NW2d 482 (2014).

[7] *Id*. at 713-715.

property were extinguished. . . . Because [plaintiff] had no interest in the subject matter of the controversy [by virtue of MCL 600.3236], he lacked standing to assert his claims challenging the foreclosure sale."); *Awad v Gen Motors Acceptance Corp,* unpublished opinion per curiam of the Court of Appeals, issued April 24, 2012 (Docket No. 302692), pp 5-6 ("Although she filed suit before expiration of the redemption period, [plaintiff] made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Upon the expiration of the redemption period, all of [plaintiff's] rights in and title to the property were extinguished, and she no longer had a legal cause of action to establish standing."). *We hold that by failing to redeem the property within the applicable time, plaintiff lost standing to bring her claim.*[8]

Accordingly, because Al-Raeis allowed the statutory redemption period to lapse without redeeming her interest in the property,[9] she lacked standing to challenge the propriety of the foreclosure proceeding, absent a clear showing of fraud or irregularity.[10] Further, Al-Raeis could only set aside the foreclosure sale if she was prejudiced by the defects or irregularities in the foreclosure proceedings.[11]

Al-Raeis also argues that there were two defects in the foreclosure process that caused her actual prejudice. We disagree.

First, Al-Raeis claims that there was a violation of MCL 600.3204(3) because the assignments were a nullity causing a chain of title defect. According to Al-Raeis, the assignments of the mortgage were not accompanied by the promissory note and assigned nothing but the beneficial interest, which did not exist. Thus, Al-Raeis asserts that Aurora Bank did not have authority to foreclose under MCL 600.3204(1)(d). According to Al-Raeis, Article 3 of the Uniform Commercial Code (UCC),[12] and Article 9 of the UCC,[13] demand that a party seeking to enforce or negotiate a promissory note actually possess the note. Al-Raeis insists that in this case there is no evidence that Aurora Bank or its assignor ever possessed the note, rendering the foreclosure invalid.

---

[8] *Id.* (alterations in original; emphasis added).

[9] We note that while Al-Raeis did make some attempt to stay the foreclosure, her motion was never heard, and the trial court stated: "[Al-Raeis] made no other apparent effort to have the sheriff's sale set aside before the redemption period expired on March 4, 2013."

[10] See *id.* See also *Sweet Air Investment, Inc v Kenney*, 275 Mich App 492, 497; 739 NW2d 656 (2007) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside.") (citation and quotation marks omitted).

[11] See *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115-116; 825 NW2d 329 (2012).

[12] MCL 440.3101 *et seq.*

[13] MCL 440.9101 *et seq.*

The version of MCL 600.3204 in effect at the time of the sheriff's sale provided, in relevant part:

> (1)    Subject to subsection (4), a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
> * * *
>
> (d)    The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.
>
> * * *
>
> (3)    If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.

In *Residential Funding Co, LLC v Saurman*,[14] the Michigan Supreme Court concluded that to constitute a proper foreclosing party under MCL 600.3204(1)(d), the party need not have an ownership interest in the promissory note underlying a mortgage. The Court stated:

> As the Court of Appeals dissenting opinion explained, "pursuant to MCL 600.3204(1)(d), Mortgage Electronic Registration System (MERS) is 'the owner . . . of an interest in the indebtedness secured by the mortgage' at issue in each of these consolidated cases" because "[MERS'] contractual obligations as mortgagee were dependent upon whether the mortgagor met the obligation to pay the indebtedness which the mortgage secured." *We clarify, however, that MERS' status as an "owner of an interest in the indebtedness" does not equate to an ownership interest in the note. Rather, as record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness. This interest in the indebtedness—i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness—authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d).*[15]

The Court further stated that "mortgagees of record [are] among the parties entitled to foreclose by advertisement."[16]

---

[14] 490 Mich 909; 805 NW2d 183 (2011).

[15] *Id*. at 909 (citation omitted; alteration in original; emphasis added).

[16] *Id.* at 910.

Accordingly, the circuit court properly rejected Al-Raeis's contention that Aurora Bank could not foreclose by advertisement without any interest in the related promissory note. Moreover, Al-Raeis, as a third party, is precluded from challenging the validity of the assignments.[17] Because Al-Raeis failed to properly dispute that "a record chain of title" exists "evidencing the assignment of the mortgage to the party foreclosing the mortgage," Aurora Bank qualifies as a proper foreclosing party under MCL 600.3204(3).

Al-Raeis's suggestion that the UCC applies to a mortgage transaction, including in the context of a foreclosure by advertisement, is unfounded. The UCC prescribes that the negotiation of an instrument "payable to an identified person . . . requires transfer of possession of the instrument and its endorsement by the holder."[18] However, "[a] mortgage instrument is not a negotiable instrument . . . ."[19] Regarding Al-Raeis's reference to Article 9, MCL 440.9109(4)(k) provides that Article 9 "does not apply to . . . . [t]he creation or transfer of an interest in or lien on real property . . . ."

Second, Al-Raeis claims that MCL 600.3204(4)[20] was violated because she was not allowed to modify her loan even though she was eligible and qualified. Al-Raeis asserts that Aurora Bank failed to comply with the statutory loan modification procedures, which entitled her to pursue a judicial foreclosure and set aside Aurora Bank's sheriff's deed. The trial court found that Al-Raeis did not allege or present evidence that she complied with the loan modification process or that she was eligible for a modification. Al-Raeis's complaint did, however, allege that she failed to receive notice of the foreclosure sale, she had been trying to obtain a loan modification, and Aurora Bank refused to negotiate. Even if we were to accept Al-Raeis's allegations as true, the circuit court correctly characterized as moot Al-Raeis's claim of entitlement to a judicial foreclosure.[21] Although Al-Raeis filed the complaint requesting a conversion of the foreclosure by advertisement into a judicial foreclosure, the circuit court accurately observed that Al-Raeis did not file a motion or otherwise show that she satisfied the conditions contained in MCL 600.3205c(8)[22] before the redemption period ended. Thus, Al-

---

[17] See *Bowles v Oakman*, 246 Mich 674, 678; 225 NW 613 (1929); *Woods v Ayres*, 39 Mich 345 (1878).

[18] MCL 440.3201(2).

[19] *Mox v Jordan*, 186 Mich App 42, 46; 463 NW2d 114 (1990) (citing former MCL 440.3104(1)(b)).

[20] MCL 600.3204 was amended, removing subsection (4), effective June 19, 2014. See 2014 PA 125.

[21] *People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010), reh gtd in part 486 Mich 1041 (2010), amended 784 NW2d 204 (2010) (describing a moot case as one that "seeks to get a judgment on a pretended controversy, when in reality there is none, . . . or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy") (citation and quotation marks omitted).

[22] The Legislature also repealed this section, effective June 30, 2013. See 2014 PA 521. Subsection 3205c(8) formerly provided:

Raeis failed to avail herself of the only remedy available for violation of the mortgage modification statute and cannot challenge the modification process after the sheriff's sale was completed. Given Al-Raeis's failure to allege any defects or irregularities that prejudiced her, the trial court properly dismissed the case for failing to state a claim on which relief may be granted.[23]

Affirmed.

/s/ Kathleen Jansen
/s/ Michael J. Talbot
/s/ Deborah A. Servitto

---

If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall enjoin the foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

[23] See MCR 2.116(C)(8).